IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARDEN VAN UPP,

    Plaintiff,

v.

DAVID BRADLOW,

    Defendant.

No. C 10-02559 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant has moved to dismiss plaintiff's complaint for lack of jurisdiction and for failure to state a claim. Hearing on the motion is currently scheduled for hearing on November 2, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion.

**BACKGROUND**

On June 9, 2010, plaintiff Arden Van Upp filed a complaint against David Bradlow alleging counts of Financial Elder Abuse, Breach of Fiduciary Duty, and Negligence. Compl. David Bradlow is the Chapter 11 Trustee of plaintiff's bankruptcy estate. *Id.* at ¶ 2.

In her complaint, plaintiff recites a long list of allegedly wrongful conduct taken during the course of and in relation to defendant's execution of his duties as trustee. For example, with regard to the sale of a piece of real property that was part of the bankruptcy estate, plaintiff alleges that defendant "wrongfully failed to stop the marketing and sale"; "objected and opposed Plaintiff's attempts to dismiss the bankruptcy proceedings"; "refused to assist [plaintiff] in any fashion in the refinancing" of the real

property, "which would have paid all of the bills and preserved the value of the estate"; permitted the property to be advertised below market value and below the value specified by a contract, despite promises that he would not do this; "failed to investigate what authority the real estate broker had to list" the property at this "substantially lower price"; "failed to conclude that the real estate broker in fact exceeded his authority . . . and failed to withdraw that authority"; "failed to correct the listing"; "wrongfully spent [money] in CPA fees simply to prepare a tax return"; and "failed to act as a reasonably prudent person in getting tax advice to avoid capital gains taxes." *Id.* ¶¶ 15–17. With regard to other properties that were part of the estate, plaintiff alleges that defendant spent much of the money earned refinancing properties belonging to the estate "on excessive fees, petty arguments, and capital gains taxes due to his negligent failure to seek legal advice and tax advice." *Id.* ¶ 19. Plaintiff also alleges that defendant "repeatedly misrepresented to the [Bankruptcy] Court that . . . Plaintiff was disrupting his ability to handle the estate"; locked plaintiff out of her personal residence, which was part of the estate; "refused to allow the completion of the refinancing of" two pieces of real property "until after the sale" of a third piece; "continued to deny Plaintiff's requested dismissal from the bankruptcy, while making her responsible for ongoing unnecessary legalities between Defendant and . . . a separate individual, further wasting assets of the estate"; and "asked for $200,000.00 to handle his own legal fees" with this other individual. *Id.* ¶¶ 20–24.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *See Thornhill Publ'g Co., Inc. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to plaintiff. See *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A

court may resolve factual disputes in determining the existence of jurisdiction without converting the motion to one for summary judgment. See *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987).

**DISCUSSION**

Defendant argues that the Court lacks subjectmatter jurisdiction over the case because plaintiff failed to request leave of the Bankruptcy Court before filing suit against the Bankruptcy Trustee. Plaintiff's only reply is that the Bankruptcy Court knows about this case and has not objected to it.

The *Barton* doctrine "requires that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee . . . for any acts done in the officer's official capacity." *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005); *see also Barton v. Barbour*, 104 U.S. 126 (1881). Without leave of the court that appointed the trustee, that "other forum lack[s] subject matter jurisdiction over the suit." *Crown Vantage*, 421 F.3d at 971; *see also In re Harris*, 590 F.3d 730, 741 (9th Cir. 2009). "The requirement of uniform application of bankruptcy law dictates that all legal proceedings that affect the administration of the bankruptcy estate be brought either in bankruptcy court or with leave of the bankruptcy court." *Crown Vantage*, 421 F.3d at 971.

All of the allegations in this case stem out of the trustee's administration of the bankruptcy estate. As such they fall clearly and cleanly within the parameters of the *Barton* doctrine, whether the Bankruptcy Court knows about the case or not.[1] The Court lacks subject matter jurisdiction over the claims in this suit.

---

[1] Congress has created one exception to the *Barton* doctrine, which does not apply here. *Crown Vantage*, 421 F.3d at 971–72 (explaining that 28 U.S.C. § 959(a) "does not apply to suits against trustees for administering or liquidating the bankruptcy estate").

3

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss for lack of jurisdiction. (Doc. 6.)

**IT IS SO ORDERED.**

Dated: October 26, 2010

SUSAN ILLSTON
United States District Judge